■ Pablo Rivas et al., Appellants, v AmeriMed USA, Inc., et al., Respondents. [818 NYS2d 64]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 20, 2004, which granted defendants' motion to dismiss the fifth, sixth and seventh causes of action and denied plaintiffs' cross motion for leave to file an amended complaint, unanimously affirmed, with costs; and order, same court and Justice, entered March 2, 2006, which denied plaintiffs' motion for leave to serve an amended complaint, unanimously affirmed, with costs.

The court properly dismissed plaintiffs' fraud claims against the corporate defendant as duplicative of their breach of contract claims (*see Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]). No breach of contract claims were alleged against individual defendants Posner and Waksal, however, so the fraud claims against them were not subject to dismissal on the same ground (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [2003]).

The sixth cause of action, purportedly for negligent misrepresentation, was properly dismissed on the ground that the employer-employee relationship alleged was not one of special confidence and trust (*see Glanzer v Keilin & Bloom*, 281 AD2d 371, 372 [2001]). The claim against defendant Engelman for tortious interference with contractual relations was subject to

dismissal for lack of personal jurisdiction, since this Arizona resident's alleged extrajurisdictional conduct was not adequately linked to injury in New York (*see* CPLR 302 [a] [3]). In any event, the allegations in the original complaint, as well as in the proposed amended complaint, were insufficient to support inferences that the complained-of acts by Engelman had been performed with malice and were calculated to impair plaintiffs' business for Engelman's personal profit (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 109-110 [2002]).

Dismissal of the claim for punitive damages was also proper, since plaintiffs failed to demonstrate "egregious tortious conduct by which [they were] aggrieved, [and] also that such conduct was part of a pattern of similar conduct directed at the public generally" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.