■ PABLO RIVAS et al., Appellants, v AMERIMED USA, INC., et al., Respondents. [824 NYS2d 41]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 20, 2004, which granted defendants' motion to dismiss the fifth, sixth and seventh causes of action and denied plaintiffs' cross motion for leave to file an amended complaint, unanimously affirmed, with costs; and order, same court and Justice, entered March 2, 2006, which denied plaintiffs' motion for leave to serve an amended complaint, unanimously affirmed, with costs.

The court properly dismissed plaintiffs' fraud claims against the corporate defendant as duplicative of their breach of contract claims (see Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107, 118 [1998]). The fraud claims against the individual defendants Posner and Waksal, were also properly dismissed inasmuch as plaintiffs fail to allege that the individual defendants, who were members of the corporate defendant's board of directors, breached any duty owed to them separate and apart from the alleged contractual obligations. Nor do they claim any special damages proximately caused by the false representations not recoverable under the contract measure of damages (see Tesoro Petroleum Corp. v Holborn Oil Co., 108 AD2d 607 [1985], appeal dismissed 65 NY2d 637 [1985]).

The sixth cause of action, purportedly for negligent misrepresentation, was properly dismissed on the ground that the employer-employee relationship alleged was not one of special confidence and trust (see Glanzer v Keilin & Bloom, 281 AD2d 371, 372 [2001]). The claim against defendant Engelman for tortious interference with contractual relations was subject to dismissal for lack of personal jurisdiction, since this Arizona resident's alleged extrajurisdictional conduct was not adequately linked to injury in New York (see CPLR 302 [a] [3]). In any

event, the allegations in the original complaint, as well as in the proposed amended complaint, were insufficient to support inferences that the complained-of acts by Engelman had been performed with malice and were calculated to impair plaintiffs' business for Engelman's personal profit (*see Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 109-110 [2002]).

Dismissal of the claim for punitive damages was also proper, since plaintiffs failed to demonstrate "egregious tortious conduct by which [they were] aggrieved, [and] also that such conduct was part of a pattern of similar conduct directed at the public generally" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.

Motion for reargument deemed one for clarification and, as such, the decision and order of this Court entered on June 27, 2006 (30 AD3d 330 [2006]) recalled and vacated and a new decision and order substituted therefor; leave to appeal to the Court of Appeals denied.