■ PATRICIA POSTEL et al., Appellants, v NEW YORK UNIVERSITY HOSPITAL, Respondent. [691 NYS2d 468] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 26, 1998, which, upon plaintiffs' motion for renewal, reargument and vacatur of the court's prior order dismissing the complaint, treated it as solely a motion for reargument and denied it as untimely, unanimously reversed, on the law, without costs, the motion treated as a motion to renew and granted as such, and the complaint reinstated, conditioned on plaintiffs' counsel paying $1,000 to defendant within 60 days of the date of this order. Plaintiffs' appeal from the order, same court and Justice, entered December 24, 1997, dismissing the complaint

at a compliance conference for failure to comply with discovery orders, unanimously dismissed, without costs, as taken from a nonappealable order.

Plaintiffs commenced the underlying action in July 1991 to recover for injuries sustained by Patricia Postel on September 23, 1988, when she fell and fractured her hip while a patient at defendant hospital. Issue was joined by service of the answer with discovery demands in August 1991. Mrs. Postel had a long history of illnesses and treatments by various doctors, which defendant argued could be relevant in determining the extent to which her current impairments were caused by pre-existing conditions rather than by the alleged accident. Accordingly, defendant sought medical authorizations to obtain her records from these doctors and hospitals. By June 1996, plaintiffs had furnished authorizations for two hospitals and three doctors, but had neglected to furnish them for another physician and hospital. Orders directed plaintiff to provide the outstanding authorizations. Plaintiff had supplied all other requested authorizations. On defendant's part, several compliance orders were needed to induce the hospital to furnish the names and addresses of the nurses on duty when plaintiff fell and to produce the supervising nurse for a deposition.

At a conference on December 11, 1997, the court acquiesced to defendant's oral request to dismiss the action based on plaintiffs' discovery defaults, a sanction authorized by CPLR 3126. However, defendant had never made a motion on notice indicating that it would be seeking this drastic remedy. The dismissal was embodied in an order entered December 24, 1997, the first of the orders from which plaintiff purports to appeal.

In their February 20, 1998 motion (denominated a motion for renewal, reargument and vacatur), plaintiffs argued that they had substantially complied with the court's discovery orders. They attached documentary proof of such compliance, which proof had not been previously produced on December 11, 1997. Plaintiffs additionally argued that the court's unexpected dismissal of the case at a compliance conference was procedurally improper because a motion on notice is required. However, the court accepted defendant's argument that this was merely a reargument motion rather than a renewal motion due to the alleged absence of any new evidence, and dismissed it as untimely. This ruling was erroneous in the circumstances.

Initially, we note that the preliminary conference order itself is not appealable as of right because it is not an order which determined a motion made upon notice.

Plaintiffs' motion should be considered a motion to renew because it was based on facts not previously presented, i.e., additional documentation of their allegedly substantial discovery compliance and defendant's own lapses in that regard, and the procedural irregularities in the preliminary conference order. While this evidence was not technically newly discovered, this requirement should be relaxed in the interests of justice (*Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726) because the motion court's procedurally improper dismissal of the action deprived plaintiffs of a full and fair opportunity to present the documentary evidence they attached to the renewal motion.

In the circumstances presented, the renewal motion should have been granted.

Plaintiffs' motion raised the meritorious argument that ordinarily the extreme penalty of dismissal should not be imposed in the absence of any prior notice to plaintiffs that such a sanction might be imminent. Although CPLR 3126 does not explicitly require this, there is logic in plaintiffs' position when CPLR 3124 and 3126 are considered together. If a litigant wishes to enlist the court's aid in compelling discovery, CPLR 3124 states that a motion on notice must be made. CPLR 3126 is the enforcement mechanism for this statutory scheme, giving the court power to impose penalties for failure to obey an order issued pursuant to CPLR 3124. The same due process protections in CPLR 3124 should apply when CPLR 3126 is invoked. Given the seriousness of the potential sanctions for discovery noncompliance, notice and an opportunity to be heard are desirable (*see, Matter of Marsh*, 207 AD2d 749). Furthermore, the Legislature could not have intended that so serious a penalty as striking a party's pleadings could be imposed by means of a preliminary conference order, when such an order is not appealable as of right.

In furtherance of the policy favoring resolution of actions on the merits, the drastic remedy of striking a party's pleadings should only be imposed when the discovery noncompliance was willful, contumacious or in bad faith (*Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193). Mere lack of diligence in furnishing some of the requested materials is not grounds for dismissal of the action (*Corner Realty 30/7 v Bernstein Mgt. Corp., supra*), though a monetary sanction is warranted by the repeated delays and plaintiffs' counsel's repeated failure to comply with discovery orders. Concur—Rosenberger, J. P., Nardelli, Lerner, Saxe and Friedman, JJ.