■ WILLIAM SALAMONE et al., Appellants, v WYCKOFF HEIGHTS MEDICAL CENTER, Also Known as WYCKOFF HOSPITAL, et al., Respondents. [709 NYS2d 181] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 2, 1999, which denied plaintiffs' motion to vacate the dismissal of their action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the complaint reinstated, conditioned upon plaintiffs' counsel paying $1,500 to defendant within 60 days of this order.

Plaintiff, an electrician, commenced this action in April 1996, after having fallen from a ladder at a construction site. His wife sues derivatively. The action was pending for approximately three years, during which time some discovery, including plaintiff's deposition, took place. However, other than this discovery, plaintiffs' attorneys were arguably less than diligent in prosecuting the case. Upon plaintiffs' counsel's failure to appear at a December 9, 1998 compliance conference, the court dismissed the action. Plaintiffs subsequently moved to have the dismissal vacated, providing an affidavit of merit, and an affidavit from counsel taking full responsibility for discovery delay and providing a number of excuses and explanations therefor. The court denied plaintiffs' motion in the order on appeal.

We reverse and reinstate the complaint. Initially, there is no dispute that plaintiffs have a meritorious cause of action (*see, Klein v City of New York*, 89 NY2d 833). Furthermore, dismissal is an extreme sanction unwarranted where, as here, there is no evidence of willful or contumacious conduct, but, instead, simple law office failure (*see, Postel v New York Univ. Hosp.*, 262 AD2d 40, 42). The penalty is especially drastic here because prior to the December 9 conference, neither the June 24, 1998 Compliance Conference Order* nor the November 4, 1998 stipulation gave plaintiffs any indication that non-appearance on December 9th, regardless of the excuse, would result in dismissal of the action (*see, Postel v New York Univ. Hosp., supra,* at 42 ["ordinarily the extreme penalty of dismissal should not be imposed in the absence of any prior notice to plaintiffs that such a sanction might be imminent"]).

However, a $1,500 penalty payable to the defense is warranted as a condition to reversal in view of the unnecessary appearances and the discovery delay which resulted from plaintiffs' counsel's conduct. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Rubin and Friedman, JJ.

---

* This order merely stated that the court would entertain a motion for sanctions in the event that plaintiffs failed to comply with outstanding discovery demands.