■ FRANCES MARKS, Appellant, v DAVID VIGO et al., Respondents. [756 NYS2d 568] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered November 15, 2001, which, insofar as appealable, denied plaintiff's motion for leave to renew and to vacate the prior order of the court entered May 1, 2001, which granted defendant Cynthia Marks' motion to dismiss the complaint, unanimously reversed, on the law and the facts, without costs, renewal granted and thereupon the May 1, 2001 order vacated, and the complaint reinstated.

In view of the strong preference in our law that actions be decided on their merits (*see e.g. Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]; *Colucci v Jennifer Convertibles*, 283 AD2d 224 [2001]), a court should not resort to the drastic rem-

edy of striking a pleading for failure to comply with discovery directives unless the noncompliance is established to be both deliberate and contumacious (*see Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [2002]).

While plaintiff did not timely comply with defendants' discovery notices, it is undisputed that her delay in providing her bill of particulars was, at most, two weeks, and it was not until this appeal that defendants even claimed that it was inadequate. Inasmuch as defendants have failed to substantiate on appeal any claim of prejudice, the remaining belated discovery responses did not warrant outright dismissal of the complaint, particularly in view of counsel's explanation of law office failure.

*Tejeda v 750 Gerard Props. Corp.* (272 AD2d 124 [2000]) is not to the contrary. There, this Court granted summary judgment to defendants because plaintiff, after violating a conditional preclusion order, failed to demonstrate the existence of a meritorious claim. Her affidavit lacked any detail regarding the alleged defect, or any indication that defendants had actual or constructive notice thereof. In contrast, plaintiff here has made a prima facie showing of a meritorious claim on the issue of liability, since she was a passenger in a two-car collision, and on her motion to vacate the default, she proffered proof that she had suffered a serious injury (*see Cooper v Shepherd*, 280 AD2d 337 [2001]).

Finally, defendants' reliance upon the rule that a denial of reargument is not appealable is misplaced. Under circumstances such as these, plaintiff's submission of the necessary additional proof as to the reasons for the delay in providing discovery, the nature and extent of her injury and the grounds for a finding of liability, may be considered sufficient to justify renewal so as to avoid dismissal (*see Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]; *Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [2002]). Concur—Nardelli, J.P., Andrias, Saxe, Williams and Marlow, JJ.