■ BEAR, STEARNS & Co., INC., Respondent, v ENVIROPOWER, LLC, Appellant. [804 NYS2d 54]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered May 26, 2004, in an action for breach of contract, awarding plaintiff, after inquest, the principal sum of $1,046,870, plus interest, costs and disbursements, and bringing up for review an order, same court and Judicial Hearing Officer, dated May 4, 2004 and entered May 25, 2004, which, inter alia, struck defendant's answer and directed entry of judgment on liability in plaintiff's favor, and an order, same court and Judicial Hearing Officer, dated May 11, 2004 and entered May 13, 2004, which denied defendant's motion to vacate the prior order, unanimously affirmed, with costs.

Defendant's answer was properly stricken because of its

negligent spoliation of documents (*see Gray v Jaeger*, 17 AD3d 286 [2005]; *Standard Fire Ins. Co. v Federal Pac. Elec. Co.*, 14 AD3d 213, 218 [2004]) after it was on notice of plaintiff's claim, albeit before the action was commenced (*see 430 Park Ave. Co. v Bank of Montreal*, 9 AD3d 320 [2004]). While we have stated that "ordinarily" a pleading should not be stricken for failure to provide disclosure absent a motion on notice (*Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]), the concerns articulated in *Postel* have been dispelled under the instant circumstances, where the court repeatedly warned defendant that its answer might be stricken if it did not produce the demanded documents (*cf. Salamone v Wyckoff Hgts. Med. Ctr.*, 273 AD2d 117 [2000]), and the appeal brings up for review the denial of a motion that defendant made to vacate the conference order (*cf. Ayala v Delgado*, 303 AD2d 286 [2003], *lv denied* 100 NY2d 514 [2003]).

We have considered defendant's other contentions and find them unavailing. Concur—Friedman, J.P., Sullivan, Gonzalez and Sweeny, JJ.