■ GEORGE SANTOLI et al., Respondents, v 475 NINTH AVENUE ASSOCIATES, LLC, et al., Appellants, and SPIELER & RICCA ELECTRICAL CO., INC., Respondent. VJB CONSTRUCTION CORP. et al., Third-Party Plaintiffs-Appellants, v R & J CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [833 NYS2d 40]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 5, 2005, which, insofar as appealed from, denied the motions by defendant and third-party plaintiff VJB Construction Corp. (VJB) and defendants 475 Ninth Avenue Associates, LLC (475 Ninth), Kajima Development Corporation (Kajima), VJB Construction 475 Ninth Avenue LLC (VJB/475), and Liberty International Underwriters (Liberty) as subrogee of the foregoing, to vacate orders entered herein on or about March 17 and on or about April 28, 2005, and to strike plaintiffs' bill of particulars, and granted the motion by certain third-party defendants to strike the second third-party complaint filed by VJB, 475 Ninth, Kajima, VJB/475, and Liberty as subrogee of the foregoing, unanimously modified, on the law, to deny the motion to strike the second third-party complaint insofar as that pleading is asserted by 475 Ninth, the second third-party complaint reinstated solely to that extent, and otherwise affirmed, with costs to respondents against VJB. Appeals from orders, same court and Justice, entered on or about March 17, 2005, which conditionally struck VJB's answer and third-party complaint, and entered on or about April 28, 2005, which struck VJB's answer and third-party complaint, unanimously dismissed, without costs, as taken from orders that are not appealable as of right. Appeal from order, same court and Justice, entered June 15, 2005, which denied VJB's motions for summary judgment on certain of the claims in the third-party complaint, and granted third-party defendants' cross motions for summary judgment dismissing the third-party complaint, unanimously dismissed, without costs, as academic in light of the disposition of the appeal from the order entered October 5, 2005.

The complaint in this action asserts common-law and Labor Law causes of action for personal injuries allegedly suffered by a carpenter while he was working on a construction project. Defendants VJB and Kajima evidently were joint venturers in an entity (nonparty Kajima/VJB Services, LLC [K/VJB]) that served as construction manager for the project in question; defendant 475 Ninth was the owner. VJB answered the amended verified complaint in March 2004, and served a third-party

complaint against two subcontractors and various insurers in or about April 2004.[1]

At a preliminary conference held on March 18, 2004, the IAS court issued an order that, inter alia, directed VJB to produce, within 45 days, daily construction logs, safety meeting minutes, progress photos and other construction records for a period of three months up to and including the date of the incident, among other documents. As of the beginning of 2005, VJB still had not produced the aforementioned categories of documents, notwithstanding that two intervening compliance conference orders, issued in June and October of 2004, had directed the parties to complete all outstanding document discovery by stated deadlines. Accordingly, a further order, dated January 13, 2005, directed that all outstanding document discovery be completed by February 4, 2005, and provided that failure to comply with the order's directives would result in a conditional order of preclusion.

A conference was held on March 17, 2005, at which the court determined that VJB still had not complied with its outstanding discovery obligations. Accordingly, the court issued an order dated March 17, 2005 (the March 2005 order), which directed VJB to "respond to *all* discovery requested on or before March 31, 2005, or its answer and 3d [*sic*] party complaint will be stricken."[2]

On April 28, 2005, yet another compliance conference was held. At the conclusion of this conference, the court issued an

---

1. As plaintiffs acknowledge on appeal, two of the four named defendants—Kajima and VJB/475 (the latter of which may not exist)—never answered the complaint, and, since plaintiffs failed to enter a default judgment against either of these entities within one year, the action must be deemed abandoned as against them (*see* CPLR 3215 [c]). The remaining defendant-appellant, 475 Ninth, answered separately from VJB, by different counsel, and did not join in VJB's April 2004 third-party complaint. The record reflects, however, that VJB's counsel subsequently took over 475 Ninth's defense and represents it on the present appeal. K/VJB, the joint venture entity that served as construction manager, was not named as a defendant in any complaint plaintiffs filed with the court. As more fully discussed below, a proposed further amended complaint plaintiffs circulated in April 2005 would have added K/VJB as a defendant, but plaintiffs never filed that amended complaint, and have disavowed it.

2. Although the March 2005 order is described in subsequent documents as being dated March 18, 2005, the order appears in fact to be dated March 17, 2005, with March 18 being set as the date by which plaintiffs were to serve it on VJB. We note that the March 2005 order separately required VJB to produce a witness for deposition on or before April 8, 2005, with failure to comply with this requirement independently subject to the penalty of the striking of the pleadings. It is undisputed that VJB complied with the deposition prong of the March 2005 order.

order (the April 2005 order) striking VJB's answer and third-party complaint based on the following findings: "[VJB] has not provided any [documentary] discovery after 3/18/05 except: (1) [a document entitled] Compliance with March 18th Court Order dated March 29, 2005; (2) [a document entitled] Amended Compliance with March 18th Court Order dated March 31, 2005; (3) Notice dated March 24, 2005 that Gary C. Wall is no longer employed by Kajima. Upon reading (1) and (2) and taking notice of (3), the Court determines that its order dated 3/18/05 has not been complied with." The "compliance" documents referenced in the April 2005 order, which are part of the record, do not themselves provide any requested discovery, but, rather, set forth counsel's representation, based on VJB's prior discovery responses, that VJB had already "responded to each and every discovery demand and notice served on [it] and therefore complied with the [March 2005 order]."

By order to show cause dated June 3, 2005, VJB, along with the other parties with which it was then jointly represented (475 Ninth, Kajima, K/VJB, VJB/475, and, as subrogee of the foregoing, Liberty), moved to vacate the March 2005 and April 2005 orders and to strike plaintiffs' bill of particulars, among other relief. Also in June 2005, certain third-party defendants moved to dismiss a second third-party complaint that VJB and the aforementioned parties jointly represented with it had filed and served in May 2005. By order entered October 5, 2005 (the October 2005 order), the IAS court denied VJB's motions, and granted the motion to strike the second third-party complaint. VJB, 475 Ninth, Kajima, VJB/475 and Liberty now appeal from the March 2005 order, the April 2005 order, and the October 2005 order.

To begin, we note that the March 2005 and April 2005 orders, which were not issued on motions made on notice, are not appealable as of right (*see Postel v New York Univ. Hosp.*, 262 AD2d 40, 41 [1999]), and the appeals from such orders are therefore dismissed. The propriety of the striking of VJB's pleadings is reviewable, however, on the appeal from the October 2005 order, which denied the application, made on notice, to vacate the March 2005 and April 2005 orders (*id.* at 42).

We conclude that the IAS court properly exercised its discretion under CPLR 3126 in declining to vacate the striking of VJB's answer and third-party complaint. The record establishes that, at the time of the March 17, 2005 conference, VJB had failed, for the entire year that had passed since the first preliminary conference order in the case was issued in March 2004, to produce documents relating to the progress of the project and

condition of the site of the kinds the March 2004 preliminary conference order had specifically directed VJB to produce—daily construction logs, safety meeting minutes, and progress photos.[3] While VJB represents to us, as it did to the IAS court, that it produced "site safety plans, including certification of attendance sheets, emergency notification, daily safety logs, daily permit logs, [and] daily safety inspection logs," the pages of the record cited in support of this assertion set forth only *blank forms* for such documents, and are devoid of information about the particular project and site at issue. Moreover, it is clear from the deposition testimony of the witness VJB finally produced on April 5, 2005 (in partial compliance with the March 2005 order) that VJB had control of such documents—indeed, the VJB witness testified that it would have taken only two days to retrieve them. The witness (a vice-president) also testified that he had not been requested to retrieve any documents in connection with this action, not even to be brought to his deposition. In light of this testimony and counsel's blatantly misleading representations about the extent of VJB's document production, the IAS court properly exercised its discretion in finding that VJB's failure to produce such documents for more than a year prior to the issuance of the April 2005 order was willful and contumacious (*see Diane v Ricale Taxi*, 291 AD2d 320, 321 [2002]).

We are not persuaded by VJB's argument that the March 2005 and April 2005 orders should have been vacated based on plaintiffs' failure to prove that they served the March 2005 order in accordance with its terms, which required plaintiffs to "serve this order upon VJB by 3/18/05 in hand and by mail." The record does not contain any proof that such service was made, although it does establish that VJB's counsel received the March 2005 order from plaintiffs no later than March 21, 2005.[4] At the oral argument of the motion to vacate, which was held on June 9, 2005, the IAS court repeatedly told VJB's counsel, Michael J. Devereaux, Esq., that it would reinstate VJB's plead-

3. We acknowledge, however, that, prior to the issuance of the March 2005 order, VJB had produced certain responsive documents, chiefly subcontracts for the project and insurance materials, although, even in this area, its production apparently was not complete.

4. March 21, 2005 is the date of receipt indicated by VJB's counsel's stamp on plaintiffs' notice of entry of the March 2005 order. Given this proof of VJB's receipt of the March 2005 order on March 21, 2005 (10 days before the order's document discovery deadline of March 31), it is clear that VJB would not have been prejudiced by any failure by plaintiffs to serve the order in strict compliance with its terms. We note that plaintiffs' appellate brief contains a representation by their counsel, not supported by record evidence, that the order was timely served by hand on VJB's counsel.

ings if only Mr. Devereaux would work out a plan to complete discovery with his adversaries and the court's law clerk. Mr. Devereaux's response was to repeat his assertion—clearly inaccurate, as discussed above—that VJB had already complied with all of its discovery obligations. Given this recalcitrance in the face of the offer of yet another chance for VJB to cure its by-then 14-month-old default, the court was justified in declining to reinstate VJB's pleadings.

VJB's remaining arguments for reinstatement of its pleadings are also unavailing. Contrary to VJB's argument that its pleadings should not have been stricken as against those parties that had not served any discovery demands upon it, all parties to the action were entitled to expect VJB to comply with discovery obligations that had been incorporated in court orders for a year before the conditional order of preclusion was finally issued. We note that it would have served no purpose for each party to the action to serve a duplicative demand for documents that VJB was already obligated to produce. VJB's contention that the documents it failed to produce were not under its control, but under the control of K/VJB, is both unpreserved, since it was not raised before the IAS court, and thoroughly refuted by the transcript of the deposition of VJB's vice-president, who, to reiterate, testified that he would have been able to retrieve such documents on two days' notice. The contention that the order for the conditional preclusion of VJB's answer and third-party complaint did not give it notice that its affirmative defenses and cross claims were also at risk is without merit, since cross claims and affirmative defenses are both pleaded in the answer. While VJB accurately states that it complied with the portion of the March 2005 order directing it to produce a witness for deposition by April 8, 2005, such partial compliance does not save VJB from the consequences of its failure to comply with the order's separate and independent directive that it complete document discovery by March 31, 2005 or face preclusion. Similarly without merit are VJB's attempts to excuse its discovery default by pointing to alleged deficiencies in other parties' discovery compliance; its claim that the IAS court struck its pleadings based solely on the unsupported assertions of opposing counsel; and its claim that it was entitled to have a stenographer record the April 28 conference (*see Feuer v HASC Summer Program*, 247 AD2d 429, 430 [1998]).

We note that the March 2005 order expressly applied only to "VJB, the general contractor," and the subsequent April 2005 order, by its terms, struck the pleadings of "VJB" only, not of all parties represented by the same counsel. Thus, it appears

that the answer of 475 Ninth, the owner, was never stricken and remains pending. As previously indicated, plaintiffs acknowledge that, due to their failure to enter a default judgment against Kajima and VJB/475, which never answered the complaint, the action has been abandoned as against those two entities pursuant to CPLR 3215 (c).

The October 2005 order is also being appealed to the extent it denied a motion by VJB and the parties jointly represented with it to strike plaintiffs' original and supplemental verified bills of particulars. To the extent the denial of relief regarding plaintiffs' bills of particulars is not rendered academic by our affirmance of the striking of VJB's pleadings, the IAS court properly denied the motion on the ground that plaintiffs have "adequately particularized the alleged injuries and damages" in the papers they have served to date.

This appeal also challenges the portion of the October 2005 order that granted the motion by certain third-party defendants to strike the second third-party complaint that VJB and the parties jointly represented with it filed and served in May 2005, after VJB's pleadings had been stricken. VJB's pretext for filing a second third-party complaint was plaintiffs' circulation in April 2005 of a proposed further amended complaint adding K/VJB, the joint venture entity, as an additional defendant. However, it is undisputed that plaintiffs merely circulated this proposed complaint among the other parties with a proposed stipulation agreeing to the amendment. The stipulation was never executed, and, as previously indicated, the proposed complaint was never filed, nor did plaintiff ever move for leave to amend. In any event, even if the complaint had been amended, that would not have relieved VJB of the consequences of its violation of the conditional preclusion order, which was a determination on the merits (*see Tejeda v 750 Gerard Props. Corp.*, 272 AD2d 124, 125 [2000]). However, since, as previously discussed, the preclusion order apparently applied only to VJB, and not to 475 Ninth, we modify to reinstate the second third-party complaint solely to the extent it is asserted by 475 Ninth, which did not previously assert any third-party claims.[5] We note that the remaining entities on whose behalf the second third-party complaint was asserted either are no longer parties to the action (Kajima and VJB/475) or never have been parties to the action (K/VJB and Liberty).

---

5. We note that the second third-party complaint is being reinstated insofar as asserted on behalf of 475 Ninth solely on the ground that the striking of VJB's pleadings apparently does not have a preclusive effect on 475 Ninth. We express no view as to the viability of 475 Ninth's third-party claims on the merits.

Finally, VJB also appeals from an order entered June 15, 2005, which denied its motions for summary judgment on certain of the claims in its original third-party complaint, and granted cross motions by the third-party defendants for summary judgment dismissing the third-party complaint. Since we are in any event affirming the dismissal of VJB's original third-party complaint—which, to reiterate, was asserted solely by VJB—as a penalty for VJB's contumacious flouting of its discovery obligations, we dismiss the appeal from the June 2005 order as academic. Again, the second third-party complaint remains pending insofar as asserted by 475 Ninth. Concur—Mazzarelli, J.P., Friedman, Buckley, Sweeny and McGuire, JJ.