■ DANIEL SIDELEV, Respondent, v ROMAN TSAL-TSALKO et al., Appellants. [860 NYS2d 96]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 31, 2007, which denied defendants' motion to vacate an earlier dismissal order, reinstate their answer and restore the action to the trial calendar, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to Supreme Court for further proceedings. Appeal from the earlier order, entered October 29, 2007, which sua sponte struck defendants' answer for purported discovery violations and directed entry of judgment in favor of plaintiff, unanimously dismissed, without costs.

The court improvidently exercised its discretion under CPLR 3126 in denying defendants' motion to vacate the striking of their answer, since they did not have "prior notice . . . that such a sanction might be imminent" (*Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]). Furthermore, the record indicates that the court never issued a written order at the conclusion of the preliminary conference, or had its discovery directions recorded by a court reporter (22 NYCRR 202.12 [d]). Under the circumstances, the court should have afforded defendants "a second chance to furnish the information [they] had allegedly not turned over" (*Hanson v City of New York*, 227 AD2d 217 [1996]).

The record also indicates that defendants substantially complied with the court's discovery directions, and thus any delay in disclosing the requested information was not willful, contumacious or in bad faith (*Postel*, 262 AD2d at 42). Since defendants did provide the missing information and documents, along with a reasonable excuse for the delay, the court should have granted their motion, especially since plaintiff failed to substantiate any claim of prejudice (*Marks v Vigo*, 303 AD2d 306, 307 [2003]).

A preliminary conference order "is not appealable as of right because it is not an order which determined a motion made upon notice" (*Postel*, 262 AD2d at 41). However, since defendants did subsequently move, on notice, to vacate that order, the appeal from the later order denying that motion is reviewable (*see Santoli v 475 Ninth Ave. Assoc., LLC*, 38 AD3d 411, 414 [2007]). Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ.