CHEROKEE OWNERS CORP., Appellant, v DNA CONTRACTING, LLC, et al., Respondents. (And a Third-Party Action.) [903 NYS2d 9]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 8, 2010, which denied plaintiff's motion to vacate a prior order of preclusion, unanimously reversed, on the law, without costs, the motion deemed a motion for renewal and, as so considered, granted, on condition that plaintiff's counsel pay $2,500 to defendants within 60 days of the date of this order. Order, same court and Justice, entered January 7, 2010, which denied plaintiff's motion for summary judgment on part of its breach of contract claim against defendant DNA Contracting, LLC (DNA) and granted the cross motion of DNA and Vigilant Insurance Company (Vigilant) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny so much of the cross motion as sought to dismiss the sixth and eighth causes of action, and otherwise affirmed, without costs. Order, same court and Justice, entered January 8, 2010, which denied plaintiff's motion for partial summary judgment on its claim that defendants JMA Consultants, Inc., JMA Consultants and Engineers, P.C., and Joseph Canton engaged in the unauthorized practice of engineering, unanimously affirmed, without costs.

Although plaintiff's counsel failed to appear for several scheduled court appearances, the court erred in issuing an order pursuant to CPLR 3126 precluding plaintiff from introducing certain categories of evidence, when there was no discovery order outstanding as to those items and no notice had been given to plaintiff that the imposed sanction for failure to comply with discovery requests was imminent (see Warner v Houghton, 43 AD3d 376, 381 [2007], affd 10 NY3d 913 [2008]; Postel v New York Univ. Hosp., 262 AD2d 40, 42 [1999]; Garcia v Defex, 59 AD3d 183 [2009]). Moreover, plaintiff demonstrated that it had substantially complied with multiple document demands and responded to numerous interrogatories; thus, there was no showing of a pattern of willful noncompliance with discovery

obligations (*see Sidelev v Tsal-Tsalko*, 52 AD3d 398 [2008]; *Holliday v Jones*, 36 AD3d 557 [2007]). Contrary to defendants' assertions, plaintiff's motion to vacate was not untimely, because plaintiff could not appeal as of right (CPLR 5701 [a] [2]), and the motion is properly viewed as a motion for renewal, which is not subject to a 30-day limitation (*see Postel*, 262 AD2d at 41-42; CPLR 2221 [e]). Nevertheless, a monetary sanction is warranted by the repeated failure of plaintiff's counsel to calendar court appearances properly, which resulted in wasted time for the court and litigants (*see Postel* at 42; *see also Chelli v Kelly Group, P.C.*, 63 AD3d 632, 634 [2009]). The reversal of the order of preclusion, in turn, requires reinstatement of the breach of contract causes of action against DNA and Vigilant. Dismissal of the fraud cause of action is affirmed on the alternate ground that it merely duplicates the breach of contract allegations (*see Rivas v AmeriMed USA, Inc.*, 34 AD3d 250 [2006], *lv dismissed in part and denied in part* 8 NY3d 908 [2007]; *Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]).

Although plaintiff presented substantial evidence that DNA failed to provide contractually required manifests and other documents in connection with its asbestos abatement work, DNA submitted evidence in opposition sufficient to raise issues of fact whether it performed the contract and whether any damages resulted from the alleged breach. Plaintiff also failed to establish its entitlement to summary judgment against the JMA defendants on its claim that they engaged in unauthorized practice of engineering, since they presented evidence that they disclosed to plaintiff that the engineering services would be provided by a professional corporation whose sole shareholder is a licensed engineer (*see Charlebois v Weller Assoc.*, 72 NY2d 587, 593 [1988]; *SKR Design Group v Yonehama, Inc.*, 230 AD2d 533, 537 [1997]). Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.