■ In the Matter of the Estate of CARL LEVINE, Deceased. DAVID FINK, Nonparty Appellant; CAREN STANLEY et al., Nonparty Respondents. [918 NYS2d 445]—

Initially, we note that the June 2009 order "is not appealable as of right because it is not an order which determined a motion made upon notice" (*Postel v New York Univ. Hosp.*, 262 AD2d 40, 41 [1999]; *see Santoli v 475 Ninth Ave. Assoc., LLC*, 38 AD3d 411, 414 [2007]).

Surrogate's Court properly consolidated the multiple proceedings relating to the estate, since they involved common questions of law and fact (*see* SCPA 501), and properly referred the entire matter to the Special Referee with the caption "In the Matter of the Estate of Carl Levine, Deceased," containing the same file number used for all the various proceedings. Appellant never objected to this consolidation or to the reference.

Further, the parties' settlement agreement expressly confirmed that it was resolving all of the various proceedings together, provided that the court and referee retained jurisdiction over the matter, and authorized the referee to determine various issues as set forth in the agreement. Stipulations of settlement are not lightly cast aside (*Hallock v State of New York*, 64 NY2d 224, 230 [1984]) and parties are free to chart their own procedural course and to stipulate as they please (*Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]).

In any event, to the extent appellant challenges the caption utilized by the court, even were the caption somehow erroneous, it is well settled that captions should be liberally construed and defects, mistakes and irregularities in form should be disregarded unless demonstratively prejudicial or a timely objection has been made (*see Tilden Dev. Corp. v Nicaj*, 49 AD3d 629 [2008]; *Hoot Group, Inc. v Caplan*, 9 AD3d 448 [2004], *lv denied* 3 NY3d 611 [2004]). Here, appellant failed to make a timely objection to the caption and was not prejudiced, as he was able to participate in the proceeding.

Thus, there is no basis for appellant's contention that a separate special proceeding was needed to effectuate the confirmation of the referee's reports and the terms of the parties' settlement agreement. Nor is there merit to appellant's claim that the orders on appeal were improperly made "outside a pending special proceeding."

The referee did not act outside of her authority, as the settlement agreement explicitly granted the referee the authority to determine various disputes after the execution of the agreement. Nor was the referee required to commence a special proceeding to obtain an award of fees.

Appellant's assertion that no one has standing to oppose this appeal is frivolous. Pursuant to CPLR 5511, a respondent is not required to be an aggrieved party. Rather, pursuant to that provision, a respondent is the adverse party to the appellant, a requirement which respondents clearly meet.

Pursuant to 22 NYCRR 130-1.1 (a), a court "in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct[,]" and, in "addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part." "Under part 130 of the Rules, frivolous appellate litigation may be found to exist where the appellate arguments raised are completely without merit in law or fact, where the appeal is undertaken primarily to delay or prolong the litigation or to harass or maliciously injure another, or where the party or attorney asserts material factual statements that are false (22 NYCRR 130-1.1 [c] [additional citations omitted])" (*Yenom Corp. v 155 Wooster St.*, 33 AD3d 67, 70 [2006]).

In this case, appellant, a pro se attorney, failed to prepare an appropriate appendix, and in response to a motion questioning the sufficiency of the appendix suggested that the proceeding never existed and thus there was no record on appeal for him to provide. His arguments on appeal raise jurisdictional issues which are entirely without merit and find no support in the procedural history of this matter. The Surrogate's Court, in its October 19, 2009 memorandum decision, swiftly rejected each of the arguments appellant makes to this Court. In addition, the record reveals that appellant harassed the court, the referee and the parties, and behaved maliciously and disrespectfully.

There can be no good faith basis for any of the arguments made on appeal, and the only fair conclusion is that the prose-

cution of this appeal was meant to delay or prolong the litigation or to harass respondents. Accordingly, we find that these appeals were entirely frivolous within the meaning of 22 NYCRR 130-1.1.

The appropriate remedy for maintaining a frivolous appeal is the award of costs in the amount of the reasonable expenses and attorneys' fees incurred in responding to the appeal (*see Yenom Corp. v 155 Wooster St. Inc.*, 33 AD3d 67 [2006], *supra*). Thus, we remand the matter to Surrogate's Court for a determination of the amount of expenses and attorneys' fees incurred by respondents in responding to these appeals, and for entry of an appropriate judgment as against appellant. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.