■ CHEROKEE OWNERS CORP., Appellant, v DNA CONTRACTING, LLC, et al., Defendants and JMA CONSULTANTS, INC., et al., Respondents. (And a Third-Party Action.) [947 NYS2d 59]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 7, 2011, which granted defendants JMA Consultants, Inc.'s, JMA Consultants and Engineers, P.C.'s, and Joseph Canton's motion for leave to renew and/or reargue, and order, same court and Justice, entered September 15, 2011, which, upon reargument and renewal, granted the JMA defendants' motion for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, with costs.

Education Law § 7202 is not violated when an unlicensed entity uses a licensed entity to perform the engineering work for which the law requires a license (*see Charlebois v Weller Assoc.*, 72 NY2d 587, 593 [1988]; *SKR Design Group v Yonehama, Inc.*, 230 AD2d 533 [1997]). Defendants established prima facie that it was disclosed to plaintiff that Canton and JMA Consultants and Engineers, P.C. would provide the engineering services for the project and that the engineering services rendered were controlled by Canton, with unlicensed individuals acting under his supervision (*see* prior appeal at 74 AD3d 411 [2010]; Education Law § 7208 [f]). Plaintiff failed to raise an issue of fact in opposition.

Defendants also established that they performed their duties under the agreement and that their performance was not negligent. Plaintiff failed to raise triable issues of fact as to the specific deficiencies it alleges, since many of its expert's assertions of faulty work were speculative and conclusory, and the expert did not address Canton's affidavit testimony about the

limitations placed on the work by plaintiff due to cost constraints. Plaintiff failed to submit an affidavit by anyone with personal knowledge to rebut Canton's testimony. The negligence claim also is duplicative of the breach of contract claim (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]).

As to the claims sounding in fraud, whether or not plaintiff had actual knowledge of Eugene Ferrara's unlicensed status or who was to serve as the engineer for the project, its agent Jon Shechter had such knowledge, and his knowledge is imputed to plaintiff (*see Gulf Ins. Co. v Transatlantic Reins. Co.*, 69 AD3d 71, 97 [2009]).

In view of the dismissal of the causes of action for breach of contract and fraud, the cause of action for a rescission remedy must also be dismissed. In any event, plaintiff has an adequate remedy at law, and rescission would not substantially restore the status quo (*see Rudman v Cowles Communications*, 30 NY2d 1, 13 [1972]).

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.