Order, Supreme Court, New York County (Debra A. James, J.), entered April 4, 2013, which granted defendants’ motion to dismiss the complaint on the ground that plaintiff failed to comply with two standing orders of Supreme Court, New York County, requiring him to obtain judicial permission prior to commencing any litigation relating to matters herein, and on the ground of res judicata, and scheduled a hearing to determine why plaintiff should not be held in civil and/or criminal contempt for violating said standing orders, and the amount of costs, attorneys’ fees, and sanctions to be assessed against plaintiff, unanimously affirmed, without costs.
The instant action was properly dismissed based on plaintiffs admitted violation of the two prior court orders requiring him to obtain judicial permission before commencing any litigation relating to his divorce action (see Davey v Kelly, 57 AD3d 230, 230 [1st Dept 2008]; see also Matter of Davey, 111 AD3d 207, 213 [1st Dept 2013]). Given his numerous unsuccessful attempts *640 to relitigate the matters raised in this action, the doctrines of res judicata and collateral estoppel also bar plaintiffs claims (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
Concur—Mazzarelli, J.E, Acosta, Freedman, Richter and Clark, JJ.