■ In the Matter of Royce Corley, Appellant, v New York City Department of Corrections et al., Respondents. [40 NYS3d 391]—

Judgment (denominated an order), Supreme Court, Bronx County (Wilma Guzman, J.), entered November 18, 2014, denying the petition seeking a writ of mandamus to compel respondents to refund $2,000 in charges for phone calls placed while petitioner was incarcerated at Rikers Island, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Even if petitioner exhausted his administrative remedies, the court properly rejected the petition on the merits, since petitioner failed to support his claim that he was entitled to a partial refund of the charges for phone calls while incarcerated at Rikers Island because the charges in excess of $0.03 per minute were excessive (*see generally Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475 [2009]). Insofar as the petition asserts that respondents' failure to address his grievances at the administrative level deprived him of his right to procedural due process, this claim is unavailing, since he points to no independent law or rule entitling him to make such calls at a rate below what he was charged, which was undisputedly in accordance with the applicable contract (*see Board of Regents of State Colleges v Roth*, 408 US 564, 577 [1972]).

Petitioner was not entitled to a default judgment based on respondents' alleged failure to comply with the court's direction to serve a copy of the order with notice of entry on petitioner

within 30 days, in the absence of any showing of prejudice (*see Santoli v 475 Ninth Ave. Assoc., LLC*, 38 AD3d 411, 415 [1st Dept 2007]), willfulness, or bad faith (*see Rodriguez v United Bronx Parents, Inc.*, 70 AD3d 492, 492 [1st Dept 2010]).

Petitioner failed to preserve his contention that he was deprived of due process when he was prevented from filing a reply below, and we decline to review it in the interest of justice. Were we to review it, we would reject it on the merits. Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.