[56 NYS3d 57]

FRANK BOYE, Appellant, v RUBIN & BAILIN, LLP, Formerly Known as RUBIN BAILIN ORTOLI MAYER & BAKER LLP, et al., Defendants, and ERIC VAUGHN-FLAM, P.C., et al., Respondents.

First Department, May 30, 2017

## APPEARANCES OF COUNSEL

*Andrew Lavoott Bluestone*, New York City, for appellant.

*Ortoli Rosenstadt LLP*, New York City (*Eric Vaughn-Flam* of counsel), for respondents.

## OPINION OF THE COURT

Tom, J.P.

This action seeks damages for alleged legal malpractice committed by, as is relevant to this appeal, defendants Eric Vaughn-Flam, P.C. (the firm) and Eric Vaughn-Flam, Esq. We find that Supreme Court properly dismissed the legal malpractice claims against defendants based on, inter alia, defendants' alleged withdrawal of certain causes of action previously as-

serted on plaintiff's behalf in an underlying federal suit. Separately, our review of the history of this litigation contained in the record and this frivolous appeal persuades us to impose sanctions on plaintiff's counsel.

Plaintiff, a Danish citizen, owned or was the authorized agent for many works of fine art that he brought to New York to sell. He contracted with Jurdem Associates, Inc., a public relations firm, to facilitate the sales, and, on its recommendation, contracted with Jan Amory to display the art in her Manhattan apartment. In March 2003, plaintiff realized numerous works of art were missing from the apartment.

Plaintiff retained defendants to commence the underlying federal action. On March 20, 2006—more than three years after plaintiff discovered the missing art—defendants filed a complaint (the federal complaint) on his behalf in the Southern District of New York against Jurdem Associates, its sole shareholder, Arnold Jurdem (collectively the Jurdem defendants), and Amory, in connection with approximately 47 works of art that were improperly taken or lost. The federal complaint alleged fraud, conversion, and breach of the Amory contract against all the defendants, and an additional claim of breach of the Jurdem contract against the Jurdem defendants.

On November 1, 2006, after their relationship with plaintiff had deteriorated, the firm moved to withdraw as his counsel in the federal action, and on November 14, 2006, the Southern District granted the motion.

On January 18, 2007, successor counsel Jan Meyer of Jan Meyer & Associates P.C. filed a notice of appearance in the federal action on plaintiff's behalf. On August 2, 2007, Meyer filed an amended federal complaint, which alleged seven causes of action which included the four counts in the original complaint filed by Vaughn-Flam, and the additional claims of negligence, breach of fiduciary duty, and piercing the corporate veil against the Jurdem defendants.

On November 26, 2007 the Jurdem defendants moved for summary judgment dismissing all claims against them. On December 17, 2007, Meyer—plaintiff's successor counsel—opposed the motion in part, and voluntarily withdrew the conversion and breach of the Amory contract claims against the Jurdem defendants.

In an order dated August 27, 2008, the Southern District (P. Kevin Castel, J.), granted the Jurdem defendants' motion in part. Initially, the court deemed the voluntarily withdrawn

conversion and breach of the Amory contract claims dismissed. The court also dismissed in part the negligence and breach of fiduciary duty claims against the Jurdem defendants as time-barred. Because the court found both were tort claims, and the statutes of limitations began to run "upon injury," the court dismissed as time-barred those negligence and breach of fiduciary duty claims "that are based on the sale or other removal of Artwork from Amory's apartment that occurred prior to March 20, 2003," i.e., more than three years before the complaint was filed (*Hansen v Amory*, 2008 WL 4090465, *6, 2008 US Dist LEXIS 67454, *17 [SD NY, Aug. 27, 2008, No. 06 Civ. 2163 (PKC)]). The Southern District also denied summary judgment on the breach of the Jurdem contract, fraud, and piercing the corporate veil claims against Jurdem Associates. However, it dismissed the breach of the Jurdem contract, negligence, breach of fiduciary duty, and fraud claims against Arnold Jurdem individually. On February 4, 2009 Boye settled the case with the Jurdem defendants.

In the meantime, Amory never appeared or answered the complaint, so claims against her were not addressed in the motion papers in the federal action. Yet, successor counsel never sought a default judgment against her on the conversion and breach of the Amory contract claims (which successor counsel had not withdrawn), or on the fraud claim.

On March 6, 2010, plaintiff, through his attorney, Andrew Lavoott Bluestone, who represents him on this appeal, commenced this action against defendants, alleging legal malpractice and breach of fiduciary duty. Significantly, the complaint alleges, inter alia, that defendants "negligently failed to render competent legal service when, they unilaterally, without notice and without consent, voluntarily withdrew all claims of conversion and breach of contract against [the Jurdem defendants]." It also alleges that they failed to file the federal complaint in a timely manner. The malpractice complaint alleges that, but for the withdrawal of the conversion and breach of contract claims, plaintiff would have prevailed in the federal action.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) based on documentary evidence and failure to state a claim, for leave to amend the verified answer to assert an affirmative defense of documentary evidence, and for sanctions pursuant to 22 NYCRR 130-1.1. With regard to both the grounds for dismissal and the basis for sanctions, defendants argued that the public record established that it was

successor counsel (Meyer) who withdrew the conversion and breach of contract claims in the federal action and not defendants. Defendants also stressed that successor counsel also failed to move for a default judgment against Amory in the federal action and settled with the Jurdem defendants, and that such actions were the proximate cause of plaintiff's alleged damages.

Although plaintiff's counsel submitted opposition to the motion, he did not address the relevant points made by defendants regarding the facts established by the public record. Nor did he make any efforts to correct the record or withdraw claims he knew or should have known were frivolous.

Supreme Court granted defendants' motion in part to dismiss plaintiff's claim against defendants for unilaterally withdrawing the conversion and breach of contract claims pursuant to CPLR 3211 (a) (1), based on documentary evidence, because it was brought against the wrong attorney, as it was successor counsel Meyer who withdrew those claims in the federal action.

However, Supreme Court denied the motion to dismiss the claims for failure to state a cause of action, and concluded that although defendants had "raised serious doubts about the accuracy of [plaintiff's] description of events including . . . whether Boye would have been able to achieve a better result but for the actions of the [firm]," such arguments raised issues of fact more appropriately dealt with on a motion for summary judgment (2012 NY Slip Op 30087[U], *8-9 [2012]).

The court also denied the request for sanctions, finding that although the withdrawal of certain claims in the federal action was clearly performed by successor counsel, plaintiff's "misstatements [do not] rise to a level sufficient to impose sanctions" (id. at *9).

Defendants thereafter moved for summary judgment dismissing the complaint and for sanctions, arguing that the conversion and breach of contract claims they had alleged in the original federal complaint were not time-barred, and that, as the court had ruled, successor counsel had withdrawn those claims. They also argued that they were not legally obligated to accommodate all possible causes of action, including those that might be raised by successor counsel. Moreover, they noted that plaintiff had admitted in the verified complaint that the conversion and breach of contract claims would have been successful, which barred plaintiff from alleging legal malpractice against them.

Reiterating the frivolous nature of plaintiff's claims, defendants advised the court that there had been a "substantial cost" to defending the "recklessly, perhaps maliciously, filed action" and suggested that "it would be fair to compensate [defendants] for the legal fees expended in this wasteful exercise."

Once again, although plaintiff's counsel—Mr. Bluestone—opposed the motion for summary judgment, he focused his response on his position that there was no reasonable explanation for defendants' delay in commencing the federal action. He further claimed there were issues of fact presented in this matter, that further discovery was necessary, and that defendants' motion failed in the absence of an expert affidavit.

Notably, Mr. Bluestone did not address that it was well established by the record and Supreme Court's prior order that it had been successor counsel who had withdrawn the conversion and breach of contract claims in the federal action. Nor did he make any efforts to correct the record or withdraw claims he most certainly knew were frivolous. Moreover, in plaintiff's affidavit, plaintiff asserted that defendants were improperly asking for sanctions, and intimated that defendants might be subject to sanctions for "wrongfully asking over and over for sanctions."

Supreme Court granted the motion for summary judgment and dismissed the remaining claims against defendants. The court noted that it had previously dismissed that portion of the legal malpractice claims alleging that defendants had withdrawn the federal conversion and breach of contract claims.

Regarding any alleged malpractice arising from the failure to timely commence the federal complaint or plead other claims, the court held that there was merit to the conversion and breach of contract claims against Amory and Jurdem Associates, and fraud against all the federal action defendants, and it cited the Southern District's refusal to dismiss certain related claims against Jurdem Associates. The court reasoned that defendants' failure to allege claims of negligence and breach of fiduciary duty, later asserted by successor counsel, was not legal malpractice. More important, the court found that even if the firm had acted negligently, plaintiff failed to raise a material issue of fact regarding proximate cause, since it was successor counsel's withdrawal of the conversion and breach of contract claims, and his failure to seek a default judgment against the major tortfeasor, Amory, that led to the ultimate result in the federal case.

Thus, the motion court dismissed the legal malpractice claims against the firm. It also dismissed the breach of fiduciary duty claim as duplicative of the legal malpractice claim, and noted that plaintiff had not opposed its dismissal. The court acknowledged that it already had dismissed the complaint against defendant Vaughn-Flam on March 7, 2011.

As for the request for sanctions, the court agreed that plaintiff should have known that successor counsel withdrew the conversion and breach of contract claims in the federal action, but noted that it previously refused to punish plaintiff's conduct of predicating his claims against defendants on actions wrongly attributed to defendants. Although the court was "not impressed" with the performance of plaintiff's attorney, it refused to sanction him or plaintiff (2012 NY Slip Op 31951[U], *10 [2012]).

In a judgment entered October 28, 2015, the court dismissed the complaint in its entirety pursuant to the orders described above.

On appeal, plaintiff contends that Supreme Court improperly dismissed the legal malpractice and breach of fiduciary duty claims. In particular, he argues that defendants' affidavit was insufficient to support summary judgment and that an expert affidavit was necessary. He also argues that defendants failed to timely commence the federal action. However, although the record is clear that successor counsel, not defendants, withdrew the breach of contract and conversion claims at issue, and Supreme Court found that to be the case in two orders and repeatedly alerted plaintiff to this error, even on appeal, Bluestone continues to make the same materially false claim about the withdrawal of those claims. He states in the brief, inter alia, that defendants, before withdrawing as counsel, "withdrew or discontinued causes of action for conversion and breach of contract against Arnold Jurdem and Jurdem Associates," and continued to repeat that defendants "unilaterally, without notice and without consent, voluntarily withdrew all claims of conversion and breach of contract against Jurdem and Jurdem Associates, Inc."

As an initial matter, we find that, contrary to plaintiff's assertion, defendant Vaughn-Flam's affidavit sufficed to support the summary judgment motion on behalf of the defendant firm. Defendant Vaughn-Flam, as counsel to the firm, submitted an affidavit which states that it was based on his personal knowledge and review of certain attached documents. More

importantly, since he personally prepared and filed the federal complaint, he certainly had personal knowledge of the facts (*see* CPLR 3212 [b]; *LaRusso v Katz*, 30 AD3d 240, 243 [1st Dept 2006]). Nor was any expert affidavit required (*Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass*, 301 AD2d 63, 69 [1st Dept 2002]). Issues regarding whether defendants timely commenced the federal action, and who withdrew what claims, can be adequately judged based on the ordinary experience of the factfinder, without expert testimony (*see Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 283 [1st Dept 1999]).

■ Turning to the merits of plaintiff's legal malpractice claim, as detailed above, the record clearly establishes that the allegation regarding the withdrawal of certain claims is inaccurate and false. The record is clear that successor counsel, not the defendant firm, withdrew the conversion and breach of contract claims against the Jurdem defendants. As for the allegation relating to additional potential claims, by plaintiff's own admission in the complaint, plaintiff would have prevailed on the claims defendants initially pleaded in a timely manner, consisting of conversion, two counts of breach of contract, and fraud against all defendants in the underlying federal action.

Further, while the firm did not commence the suit sooner, which might have avoided the dismissal as time-barred of two claims added by successor counsel, it appears defendants were not formally retained to sue on plaintiff's behalf until 2006. Indeed, record evidence demonstrates that defendants repeatedly advised plaintiff that they needed to be retained and paid before commencing a suit on plaintiff's behalf. Thus, plaintiff's claim that defendants somehow agreed to commence the action in 2003 or 2004, and failed to do so, is belied by the record evidence.

In any event, in choosing to pursue certain claims in the federal action, the firm chose among several reasonable courses of action, and its decision not to raise all possible causes of action does not constitute malpractice (*see Rosner v Paley*, 65 NY2d 736, 738 [1985]; *Rodriguez v Lipsig, Shapey, Manus & Moverman, P.C.*, 81 AD3d 551 [1st Dept 2011]). As to causation, "a plaintiff must show that he or she . . . would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271-272 [1st Dept 2004]). Fur-

ther, a legal malpractice claim cannot be sustained where "[i]t is clear that the proximate cause of any damages sustained by plaintiff was not the alleged malpractice of defendants, but rather the intervening and superseding failure of plaintiff's successor attorney[ ]" (*Pyne v Block & Assoc.*, 305 AD2d 213, 213 [1st Dept 2003]). Here, as successor counsel withdrew two meritorious claims against the Jurdem defendants, and failed to seek a default judgment against the main tortfeasor—Amory—who did not answer or appear, it is clear that the proximate cause of any damages sustained by plaintiff was the intervening and superseding failure of plaintiff's successor attorney and not any alleged malpractice of defendant. Thus, the court properly dismissed the claims against the firm (*see Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]).

In addition, the breach of fiduciary duty cause of action was properly dismissed as duplicative of the legal malpractice claims because it is based on the same allegations as the other claims (*see e.g. Bernard v Proskauer Rose, LLP*, 87 AD3d 412, 416 [1st Dept 2011]).

We now consider whether sanctions are appropriate for the prosecution of this appeal, and specifically, for counsel continuing to make the same materially false claims to this Court about defendants withdrawing the conversion and breach of contract claims in the federal action.

Pursuant to 22 NYCRR 130-1.1 (a), a court "in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct," and, in "addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part."

> "Under part 130 of the Rules, frivolous appellate litigation may be found to exist where the appellate arguments raised are completely without merit in law or fact, where the appeal is undertaken primarily to delay or prolong the litigation or to harass or maliciously injure another, or where the party or attorney asserts material factual statements that are false (22 NYCRR 130-1.1 [c] . . . )" (*Yenom Corp. v 155 Wooster St. Inc.*, 33 AD3d 67, 70 [1st Dept 2006]).

After a careful review of the appellate record and the parties' briefs, we draw the only conclusion such record permits—the bases for the legal malpractice claim have been without merit in law or fact since their inception. More concerning, however, is that despite it having been apparent from the record that successor counsel was the one who withdrew the conversion and breach of contract claims in the federal action and not defendants, and despite being alerted to this fact by the record of this case and Supreme Court on multiple occasions, counsel persists in repeating a materially false claim to this Court.

There can be no good faith basis for the repetition of this materially false claim on appeal, and we find that counsel's behavior would satisfy any of the criteria necessary to deem conduct frivolous. In fact, the only fair conclusion is that the prosecution of this appeal and knowing pursuit of a materially false and meritless claim was meant to delay or prolong the litigation or to harass respondents.

> "Among the factors we are directed to consider is whether the conduct was continued when it became apparent, or should have been apparent, that the conduct was frivolous, or when such was brought to the attention of the parties or to counsel (22 NYCRR 130-1.1 [c]), circumstances that are replete in this record as noted above" (*Levy v Carol Mgt. Corp.*, 260 AD2d 27, 34 [1st Dept 1999]).

We also consider that sanctions serve to deter future frivolous conduct "not only by the particular parties, but also by the Bar at large" (*id.* at 34). The goals include preventing the waste of judicial resources, and deterring vexatious litigation and dilatory or malicious litigation tactics.

Here, counsel was ethically obligated to withdraw any baseless and false claims, if not upon his own review of the record, certainly by the time Supreme Court advised him of this fact. Instead, counsel continued to repeat a knowingly false claim in what could only be described as a purposeful attempt to mislead this Court, and pursued claims which were completely without merit in law or fact.

The appropriate remedy for maintaining a frivolous appeal is the award of sanctions in the amount of the reasonable expenses and costs including attorneys' fees incurred in defending the appeal (*see Matter of Levine*, 82 AD3d 524, 527 [1st Dept 2011]). Thus, we remand the matter to Supreme Court for a determination of the amount of expenses and costs including attorneys' fees incurred by defendants in defending this ap-

peal, and for entry of an appropriate judgment as against plaintiff's attorney.

Accordingly, the judgment of the Supreme Court, New York County (Kathryn E. Freed, J.), entered October 28, 2015, to the extent appealed from as limited by the briefs, dismissing the complaint as against defendant Eric Vaughn-Flam, P.C., and bringing up for review, an order of the Supreme Court, New York County (Louis B. York, J.), entered January 17, 2012, which, upon granting leave to reargue, partially granted the firm's CPLR 3211 (a) (1) and (7) motion to dismiss the claims against it to the extent of dismissing the legal malpractice claims based on the firm's alleged withdrawal of certain claims previously asserted on plaintiff's behalf in the underlying federal suit, and an order of the same court (Louis B. York, J.), entered July 24, 2012, which granted the firm's CPLR 3212 motion for summary judgment dismissing the remaining claims against it, should be affirmed, with costs, including actual expenses and costs including reasonable attorneys' fees incurred by defendants in defending this frivolous appeal (22 NYCRR 130-1.1) imposed on plaintiff's counsel, and the matter remanded to Supreme Court for determination of the expenses and costs including reasonable attorneys' fees.

Moskowitz, Feinman, Gische and Kapnick, JJ., concur.

Judgment, Supreme Court, New York County, entered October 28, 2015, affirmed, with costs, including actual expenses and costs including reasonable attorneys' fees incurred by defendants in defending this frivolous appeal (22 NYCRR 130-1.1) imposed on plaintiff's counsel, and the matter remanded to Supreme Court for determination of the expenses and costs including reasonable attorneys' fees.