Svatovic v Shabot (2024 NY Slip Op 02266)

Svatovic v Shabot

2024 NY Slip Op 02266

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 100604/21 Appeal No. 2146 Case No. 2024-00162 

[*1]Zarko Svatovic, Plaintiff-Appellant-Respondent,
v
Jacqueline Shabot, Defendant-Respondent-Appellant.

Zarko Svatovic, appellant-respondent pro se.
Thomas Torto, New York, for respondent-appellant.

Order, Supreme Court, New York County (Debra A. James, J.), entered September 5, 2023, which denied plaintiff husband's motion for leave to reinstate his previously dismissed complaint or, in the alternative, for leave to file a new complaint and imposed sanctions against him in the amount of $5,000 payable to the Commissioner of Taxation and Finance and denied defendant wife's cross motion for attorney's fees, unanimously affirmed, with costs, and the matter remanded for a determination of costs and reasonable attorney's fees incurred by defendant wife in responding to this appeal.
The court properly denied the husband's motion for leave to reinstate the complaint or, in the alternative, to file a new complaint. While public policy generally mandates free access to the courts (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404 [1975]), a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation motivated by spite or ill will (see Matter of Sud v Sud,227 AD2d 319, 319 [1st Dept 1996]; Davey v Goodrich & Bendish, 118 AD3d 639, 639 [1st Dept 2014]; cf. Michael G. v Katherine C., 167 AD3d 494, 496 [1st Dept 2018]).
The wife's cross-motion was properly denied because she did not expressly seek attorney's fees, just sanctions. Consequently, as the husband did not have notice, the wife's attorney was not entitled to an award of attorney's fees without giving his adversary an opportunity to be heard. Moreover, to the extent the wife's cross-motion could be read as requesting attorney's fees in connection with opposing the husband's motion, it should have been denied as substantively defective (see Frankel v 71st St. Lexington Corp., 221 AD3d 528, 529 [1st Dept 2023]). Specifically, the wife's moving papers did not include an affidavit by a person with knowledge describing the nature of the attorney's fees incurred, in what amounts, or for what period, nor did it include any invoices reflecting the attorney's fees charged.
Given the protracted and vexatious nature of this case, an injunction against the husband barring him from filing new appeals, motions, and proceedings before this Court without a prior approval is warranted (see Melnitzky v Apple Bank for Sav., 19 AD3d 252, 253 [1st Dept 2005]).
Under the circumstances, this appeal is frivolous, and the wife should be reimbursed for her reasonable attorney's fees and costs incurred on this appeal (see Boye v Rubin & Bailin, LLP, 152 AD3d 1, 11 [1st Dept 2017]; Matter of Levine, 82 AD3d 524, 527 [1st Dept 2011]). The matter is remanded to Supreme Court for a determination of the amount of expenses and attorney's fees incurred by the wife in responding to this appeal, and for entry of the appropriate judgment against the husband. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024