■ In the Matter of AMERICAN HOME PRODUCTS CORPORATION et al., Petitioners, v BEATRICE SHAINSWIT, as Supreme Court Justice of New York County, et al., Respondents. [627 NYS2d 34] —Petition, pursuant to CPLR article 78 in the nature of prohibition, which seeks to enjoin enforcement of an order of the Supreme Court, New York County (Beatrice Shainswit, J.), dated February 9, 1995, appointing William Schurtman, Esq. as Special Master to supervise discovery in this matter, unanimously denied, the cross-motion granted and the petition dismissed, on the law and the facts and in the exercise of discretion, and the stay vacated, without costs.

William Schurtman, Esq. was appointed by Supreme Court pursuant to CPLR 3104 (b) for the limited purpose of supervising discovery without the apparent objection of any party. After the order was issued, petitioner American Home Products Corporation suddenly objected to Mr. Schurtman's appointment based on his revelation that an attorney for his firm sometimes provides advice concerning insurance coverage for "unfunded nonqualified deferred compensation plans" to one of the 74 insurance companies named as defendants in this action. Petitioner brought the matter to the court's attention by submitting an order to show cause why the order of appointment should not be vacated which the court, for reasons not clear from the record, declined to sign.

This matter does not require resort to the extraordinary remedy of prohibition (CPLR 7803 [2]). Specifically, petitioner does not explain why it did not bring an ordinary motion to vacate the order appointing the special master before Supreme Court. Supreme Court is vested with broad discretion in its supervision of disclosure *(Wyda v Makita Elec. Works,* 162 AD2d 133), and the record is insufficient with regard to the requisite consent to the appointment of a Special Master. In any event, it is inappropriate to review the propriety of Supreme Court's exercise of discretion without permitting the court to assess the situation in light of the additional facts and issues raised in the petition. Concur—Ellerin, J. P., Rubin, Asch, Nardelli and Mazzarelli, JJ.