■ JOHN M. HALL et al., Plaintiffs, v 130-10 FOOD CORP., Doing Business as TRADE FAIR SUPERMARKETS, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. TUSCAN DAIRY FARMS, INC., Third-Party Defendant-Respondent. [677 NYS2d 923] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 25, 1997, which, to the extent appealed from, denied that part of third-party plaintiff's motion seeking an order compelling third-party defendant Tuscan Dairy Farms, Inc. to produce records regarding a prior similar accident involving one of its employees, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and that part of said motion granted.

The sought-after discovery material, documentation of prior accidents similar to that at issue here, should have been granted. It was relevant in this negligence action to establish that third-party defendant had notice of a particular, dangerous condition (*Coan v Long Is. R. R.*, 246 AD2d 569). "While materiality and necessity [CPLR 3101 (a)] obviously place some limits on the scope of disclosure, disclosure should be permitted as long as the information sought bears on the controversy and will assist in the preparation for trial; the ultimate test is one of ' "usefulness and reason" ' " (*Matter of New York County DES Litig.*, 171 AD2d 119, 123, quoting *O'Neill v Oakgrove Constr.*, 71 NY2d 521, 526, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Andrias, JJ.