■ WINSTON DANIELS, JR., Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [737 NYS2d 598] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 29, 2000, which insofar as appealable, denied plaintiff's motion to renew a prior order, same court and Justice, entered October 27, 2000, which limited the scope of certain discovery demands, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to renew granted and, upon renewal, discovery is permitted of similar gap-related claims, incidents and measurement surveys for a three-year period prior to the accident, limited to the subway station where the incident in question occurred. Appeal from order, same court and Justice, entered October 27, 2000, unanimously dismissed, without costs, as taken from a nonappealable order.

Whereas the preliminary conference order of October 27, 2000 is itself not appealable as of right because it is not an order which determined a motion made upon notice (*Postel v New York Univ. Hosp.*, 262 AD2d 40, 41), plaintiff's subsequent motion should be considered a motion to renew as it was based upon facts not previously presented, i.e., the deposition of defendant's supervisor of operations, Flander Julien. To the extent that the deposition testimony technically did not constitute newly discovered evidence, this requirement should be relaxed in the interest of justice (*Postel v New York Univ. Hosp.*, *supra* at 42; *Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726).

It is settled that Supreme Court is vested with broad discretion to supervise disclosure and that its orders in this regard should not be disturbed absent an abuse of that discretion (*Kamhi v Dependable Delivery Serv.*, 234 AD2d 34; *Matter of American Home Prods. Corp. v Shainswit*, 215 AD2d 317). We find, however, that the motion court improvidently exercised its discretion in setting a one-year time limitation on the discoverable materials. Records and documentation of prior accidents similar to that at issue here, as well as space measurement surveys of the accident site, are subject to disclosure in that they are relevant in establishing that a particular condition was dangerous and that defendant had notice of that condition (*Hall v 130-10 Food Corp.*, 254 AD2d 22) and we find that a one-year limitation unduly restricts plaintiff's right to that discovery. Moreover, and contrary to defendant's contention, the production of said reports and complaints for a longer

period of time would not be burdensome, especially when limited to the same location where the accident in question occurred. Concur—Nardelli, J.P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.