■ MAYRA TORRES et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [748 NYS2d 147] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered August 17, 2001, which, in an action for personal injuries sustained by the infant plaintiff in a slip and fall on defendant's premises, insofar as appealed from, granted plaintiff's motion to vacate a preliminary conference order dismissing the complaint for noncompliance with disclosure obligations, unanimously affirmed, without costs.

The complaint was dismissed in an order dated November 19, 1999, rendered at a "compliance conference," for failure "to comply with prior discovery directives." This dismissal order, which was not entered until April 7, 2000, did not determine a motion made on notice. However, the record made on plaintiff's subsequent December 15, 2000 motion to vacate the dismissal order shows that, at the time of the compliance conference, plaintiff was not in compliance with a prior preliminary conference order, dated June 17, 1999, to produce her treating physician's report by July 23, 1999, and two stipulations, dated September 24, 1999 and November 12, 1999, the cumulative effect of which was to extend plaintiff's time to produce such report until the compliance conference scheduled for November 19, 1999. It further appears from the record made on plaintiff's motion to vacate that on December 15, 1999, about a month after the dismissal order was rendered and about four months before it was entered, plaintiff served defendant with the requested medical report, together with a letter from the physician to her attorney, dated November 24, 1999, apologizing for his delay in responding to the attorney's September 21, 1999 request for the report, which delay, the physician represented, was due to a "hectic schedule." The motion court granted plaintiff's motion to vacate the dismissal order, citing, inter alia, the physician's delay in responding to plaintiff's request for the report and the service of the report only one month after the dismissal order was rendered.

While plaintiff does not explain the delay between the April 2000 entry of the dismissal order and her December 2000 motion to vacate it, it remains that the dismissal order was not appealable as of right (*Postel v New York Univ. Hosp.*, 262 AD2d 40, 41). Defendant, therefore, should not have closed its file on the matter once 30 days had passed after entry of the dismissal order. Assuming plaintiff's complaint could be

stricken in a preliminary conference order for noncompliance with disclosure obligations (*but see Postel, id.* at 42; *Boyle v City of New York,* 269 AD2d 135; *cf.* CPLR 5015 [a] [4]), such order was properly vacated upon an adequate showing that the noncompliance with respect to the production of a single item of discovery was not willful (*see Postel, id.*). We would add that defendant, who also failed to fully comply with its own discovery obligations, failed to show that it was prejudiced by the eight-month delay between the entry of the dismissal order and plaintiff's motion to vacate it. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.