■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RIVERA, Appellant. [754 NYS2d 533] —Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered on or about August 21, 2001, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur— Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.

■ AMERASIAN INTERNATIONAL ENTERPRISES, LTD., et al., Respondents, v HEALTH CARE CONCEPTS, INC., et al., Appellants. [754 NYS2d 533] —Appeal from order, Supreme Court, New York County (Ira Gammerman, J.), entered September 7, 2001, which, at a preliminary conference, struck defendants' answer, unanimously dismissed, without costs.

The subject order is not appealable as of right (*see Postel v New York Univ. Hosp.*, 262 AD2d 40, 41). While a subsequent motion to vacate or renew would have properly placed the issue defendants now seek to raise before this Court (*see Torres v New York City Hous. Auth.*, 298 AD2d 207; *Daniels v City of New York*, 291 AD2d 260; *Boyle v City of New York*, 269 AD2d 135; *Postel, supra*), the record is devoid of any such motion.

Were we to reach the merits, we would find that defendants, while submitting a meritorious defense in the form of their verified answer (*see Ellis v Jackson*, 267 AD2d 20), failed to set forth the necessary reasonable excuse for failing to comply with the court's repeated directions to provide discovery (*see Color Wheel v Interstate Printing*, 281 AD2d 161). The assertion by counsel was insufficient for this purpose. Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.