Terra Driggs, LLC v Bernstein (2025 NY Slip Op 50927(U))

[*1]

Terra Driggs, LLC v Bernstein

2025 NY Slip Op 50927(U)

Decided on June 6, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 6, 2025
Supreme Court, New York County

Terra Driggs, LLC, Plaintiff,

against
Benjamin Bernstein and Benjamin Stokes, Defendant.

Index No. 654635/2022

Attorneys for Plaintiff: 
Adam Oppenheim of HARRIS ST. LAURENT & WECHSLER LLP
Marilyn Yuan of HARRIS ST. LAURENT & WECHSLER LLP
Andrew St. Laurent of HARRIS ST. LAURENT & WECHSLER LLP
Attorney for the Defendants: 
Tab K. Rosenfeld of ROSENFELD & KAPLAN, LLP
Robert Staroselsky of ROSENFELD & KAPLAN, LLP
Joshua Wurtzel of SCHLAM STONE & DOLAN LLP
John Moore of SCHLAM STONE & DOLAN LLP

Robert R. Reed, J.

This action arises out of the development of two commercial and residential real estate properties (the "Terra Projects"). Plaintiff Terra Driggs, LLC, as preferred investor of the Terra Projects, filed suit against defendants Benjamin Bernstein ("Bernstein") and Benjamin Stokes to collect costs incurred in the projects' completion, pursuant to two guarantees executed by defendants. Defendants assert that plaintiff, among other things, expanded the scope of the Terra Projects beyond the budget and plan specifications that defendants had guaranteed. For that reason, defendants argue, plaintiff is not entitled to at least $5.5 million of its $11.9 million claim of damages.
Pursuant to Rule 14 of the Commercial Division, defendant Benjamin Bernstein submitted a letter to this court dated February 26, 2025, detailing the parties' dispute concerning plaintiff's purported refusal to produce documents responsive to his post-deposition document request. Plaintiff submitted a response dated March 4, 2025, outlining its objections to defendant's request. A Rule 14 conference was held on May 8, 2025.
New York courts favor open and liberal discovery. CPLR 3101 requires full disclosure of all matter material and necessary in the prosecution or defense of an action. The words, [*2]"'material and necessary,' are ... to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]). The party seeking disclosure must demonstrate that "'the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims'" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]). It is well settled that the trial court has broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]).
According to defendant Bernstein's Rule 14 letter, non-party Broad Street Development, LLC ("BSD") was retained as a construction consultant on the Terra Projects, even though plaintiff had already retained another consultant, CHA Consulting, Inc. At the time BSD was retained, defendant Bernstein asserts, BSD was "indebted" to plaintiff for millions of dollars in connection with a loan on a separate project — the 370 Lexington development project ("370 Loan"). That separate project, defendant claims, was guaranteed by BSD principals Daniel Blanco ("Blanco") and Raymond Chalme. Defendant Bernstein alleges that BSD and its principals were highly conflicted while working for plaintiff, and that such conflict may have influenced its consulting decisions on the Terra Projects.
During his deposition, Blanco could not recall certain details about the structure of the 370 Loan, or whether BSD's default on such loan occurred before or after it was retained to consult on the Terra Projects. Additionally, Bernstein's counsel represented that, during his testimony, Blanco indicated that the information defendants sought was contained in the 370 Loan documentation. Following Blanco's deposition, defendants issued subpoenas to BSD and non-party BSD 370 Lexington, L.L.C. ("BSD 370"), requesting the 370 Loan documents. Defendants subsequently served a post-deposition document request to plaintiff, containing the exact same requests as those issued in the non-party subpoenas. The court notes that plaintiff's counsel of record in this litigation apparently also represents BSD and BSD 370 in connection with the non-party subpoenas.
Defendant Bernstein argues that inquiry into the details concerning the guarantors' default is relevant and necessary to assess: (1) the extent of any conflict; (2) the extent that such conflict affected the project or contributed to its expansion; and (3) how BSD's retention as a consultant on the Terra Projects may have been used to offset its debt to plaintiff. Thus, defendant Bernstein seeks copies of the 370 Loan documentation, the guarantees executed by BSD's principals, any default notices plaintiff issued in connection with the loans and guarantees, any repayment of the loans, and any resolution reached regarding the defaults.
Plaintiff contends that the documents sought by defendants are irrelevant because they concern the defaulted guarantees of BSD's principals in connection with a different project — the 370 Lexington project. Although that project was undertaken by a related Terra entity and BSD 370, an entity related to BSD, plaintiff asserts that the non-parties were not involved in the work on the Terra Projects. Moreover, plaintiff argues that BSD's default on its guaranty in connection with the 370 Loan occurred after the Terra Projects were sold, and that plaintiff offered to produce, on an "Attorneys' Eyes Only" basis, the default notice issued to BSD with an executed copy of the guaranty. Consequently, plaintiff argues, the instant discovery request is overbroad, and defendants are not entitled to additional discovery sought beyond the document discovery deadline of April 30, 2025.
To the extent that BSD's financial obligation to plaintiff is in any way related to its hiring as a consultant on the Terra Projects, it is this court's view that defendants must be allowed to investigate how and in what ways the relationship between plaintiff and BSD might have created a conflict of interest. Defendant Bernstein alleges that plaintiff expanded the scope of the Terra Projects under the guidance and direction of BSD, incurring millions of dollars in added costs and fees. In addition to development costs, defendant Bernstein claims that plaintiff seeks reimbursement of fees paid to BSD for its construction consulting work on the Terra Projects. According to defendant Bernstein, BSD's monthly rate was initially set at $25,000, which increased to $40,000 per month and increased again to $46,500 within the span of approximately five months. Defendant Bernstein argues that BSD's work on the Terra Projects was part of an arrangement with plaintiff to offset its own default. 
Based on the parties' Rule 14 submissions, it appears that the Terra and BSD entities involved in the 370 Lexington development project and the 370 Loan are related to the business entities involved in the development of the Terra Projects. Indeed, plaintiff's own response letter acknowledges that the entities are related, even as it argues that they were involved in separate development projects (Pl. Ltr. at 2). In this court's view, consistent with the liberal scope of New York's disclosure requirements, the 370 Loan documentation detailing BSD's financial obligation to plaintiff is material and relevant to defendants' defense, and must therefore be disclosed (CPLR 3101[a]).
Accordingly, it is hereby
ORDERED that plaintiff shall produce the requested documents contained in defendant Bernstein's post-deposition document request dated February 6, 2025, within thirty (30) days of the date of this order; and it is further
ORDERED that the parties shall appear for a virtual status conference via Microsoft TEAMS on July 24, 2025 at 11:00 a.m.
DATE June 6, 2025
ROBERT R. REED, J.S.C.