Slice Wireless Servs., LLC v Yakubov (2025 NY Slip Op 51257(U))

[*1]

Slice Wireless Servs., LLC v Yakubov

2025 NY Slip Op 51257(U)

Decided on August 8, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 8, 2025
Supreme Court, New York County

Slice Wireless Services, LLC, Plaintiff,

against
Aleksandr Yakubov, MIGUES CANTOS, MADE BY WIFI, INC., Defendant.

Index No. 656506/2017

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 007) 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 240, 241, 242, 243, 244, 248 were read on this motion for DISCOVERY.
The following e-filed documents, listed by NYSCEF document number (Motion 008) 236, 237, 238, 239 were read on this motion to VACATE NOTE OF ISSUE.
The following e-filed documents, listed by NYSCEF document number (Motion 009) 245, 246, 247, 249 were read on this motion to DISMISS
In motion sequence 007, plaintiff moves for an order compelling defendants to "fully" respond to its post-deposition notices of discovery and inspection. According to plaintiff, the defendants asserted improper objections to the demands, failed to provide responsive documents, and provided a Jackson Affidavit that was nonresponsive and otherwise insufficient. Defendants oppose the application.
In motion sequence 008, plaintiff moves to vacate the note of issue, filed by plaintiff, due to the dispute over post-deposition discovery. Defendants cross-move for a protective order to prohibit disclosure of the items sought by plaintiff in its motion to compel.
By notice of motion dated August 3, 2025 (motion seq. no. 009), plaintiff moves to dismiss defendants' cross-motion.
Motion sequence numbers 007, 008 and 009 are consolidated for disposition.
Background
A status conference was held on January 31, 2025 (NYSCEF doc no. 219). Following the conference, the parties were directed to engage in post-deposition discovery and directed that, if any sought-after document was not in the possession, custody or control of the responding defendants, defendants were to serve an affidavit compliant with Jackson v City of New York.[FN1]
 The order further provided that, if motion practice is contemplated, then the proposed movant must submit a Rule 24 application to chambers requesting leave to file any anticipated motion (NYSCEF doc. no. 219, pg. 2).
A further status conference was held on April 14, 2025. Neither Commercial Division Rule 14 nor Rule 24 submissions were received by the court prior to the conference; therefore, leave was not granted for the filing of any discovery motions.
Notwithstanding, plaintiff filed a motion to compel discovery on June 1, 2025 (motion seq. no. 007). Plaintiff requested an order sanctioning defendants pursuant to CPLR 3126, deeming noncompliant defendants' Jackson Affidavit submitted in response to plaintiff's demands, and compelling defendants to respond to the post-deposition demands (NYSCEF doc. no. 225).
Despite communication from this court stating that the discovery schedule would be discussed at the parties June 10, 2025 status conference, plaintiff nevertheless filed his note of issue on June 6, 2025 and, five days later, moved to vacate the note of issue citing the need for additional discovery (motion seq. no. 008).
Thereafter, defendants filed a cross motion on plaintiff's motion to compel, seeking a protective order barring any further discovery demands, and in motion sequence 009, plaintiff moved to dismiss the cross-motion (NYSCEF doc. no. 245).

 Discussion
Plaintiff's Motion to Compel
Trial courts have broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]). Since its inception, the Commercial Division has implemented special rules, procedures and forms especially designed to address the unique problems of commercial practice (Preamble, 22 NYRR 202.70). The Commercial Division Rules are to be followed in all matters assigned to the Commercial Division Parts and may not be disregarded.
Regarding discovery disputes, Rule 14 provides guidance. The rule provides that:
Discovery disputes are preferred to be resolved through court conference as opposed to motion practice and requires that consult with one another in a good faith effort to resolve all disputes about disclosure. If counsel are unable to resolve any disclosure dispute in this fashion, counsel for the moving party shall submit a letter to the court not exceeding three single-spaced pages outlining the nature of the dispute and requesting a telephone conference. Such a letter must include a representation that the party has conferred with opposing counsel in a good faith effort to resolve the issues raised in the letter or shall indicate good cause why no such consultation occurred. Not later than four business days after receiving such a letter, any affected opposing party or non-party shall submit a responsive letter not exceeding three single-spaced pages. After the submission [*2]of letters, the court will schedule a telephone or in-court conference with counsel The failure of counsel to comply with this rule may result in a motion being held in abeyance until the court has an opportunity to conference the matter. (id.)
During the January 31, 2025 status conference, the court addressed the parties' concerns regarding the sufficiency of post deposition discovery, and specifically instructed the parties to make Commercial Division Rule 14 and 24 submissions. The order made clear that submissions requesting leave to file any anticipated motion were required (NYSCEF doc. no. 219, pg. 2).
Here, plaintiff did not comply with the clear and direct order to adhere to either Part 43 rules or Commercial Division rules, but rather filed its motion to compel in contravention of this court's explicit directives. "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (Kihl v Pfeffer, 94 NY2d 118, 123 [1999]).
The Legislature, recognizing the need for courts to be able to command compliance with their disclosure directives, has specifically provided that a "court may make such orders * * * as are just," including dismissal of an action under CPLR 3126 (id.). Accordingly, it is this court's view that plaintiff's motion to compel discovery should be denied. Plaintiff failed to comply with New York County Commercial Division Rule 14 (22 NYRR 202.70) and section 6(h) of the Part 43 rules, and thereby deprived this court of the ability to supervise disclosure in an orderly manner.
Defendants' cross-motion, therefore, for a protective order prohibiting disclosure of the information demanded by plaintiff, is denied as moot.
Plaintiff's Motion to Vacate the Note of Issue
Plaintiff moved to vacate the note of issue citing the need for additional discovery despite having voluntarily filed the note of issue five days prior. The certificate of readiness for trial indicated that discovery proceedings were not complete. Plaintiff requests that this court vacate the note of issue and place this matter back on the court's discovery calendar. No opposition to the motion was filed.
A note of issue should be vacated where "it is based upon a certificate of readiness that incorrectly states that all discovery has been completed" (Matos v City of New York, 154 AD3d 532, 533 [1st Dept 2017]). Where a party moves to vacate a note of issue, the only showing necessary on the motion is that " 'a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of ... section [202.21] in some material respect' " (Sky Coverage Inc. v Alwex Inc., 202 AD3d 454 (1st Dept 2022) citing, Vargas v Villa Josefa Realty Corp., 28 AD3d 389, 390 [1st Dept 2006], quoting 22 NYCRR 202.21[e]).
Here, there is no dispute that the matter is not ready for trial and the parties agree that discovery proceedings are not yet complete. In those circumstances, the note of issue should be vacated (Sky Coverage Inc., 202 AD3d 454). Further, where the certificate of readiness for trial correctly states that discovery proceedings are not complete (NYSCEF doc. no. 234), the certificate of readiness does not materially comply with the requirements of 22 NYCRR 202.21, rendering it a legal nullity (Slovney v Nasso, 153 AD3d 962 [2d Dept 2017]).
Plaintiff's application to vacate the note of issue, therefore, is granted, and this matter is restored to the court's pre-trial calendar.
Plaintiff's Motion to Dismiss the Cross-Motion
Finally, the court declines to consider the "merits" of plaintiff's "so-called" motion to "dismiss defendants' cross-motion." A motion to dismiss is utilized to seek summary dismissal of a cause of action (CPLR 3211 [a]). A motion to dismiss is not a proper device for responding to a cross-motion. Plaintiff cites no authority, under CPLR 3211, that permits dismissal of a cross-motion for a purported "failure to support their claim for protective order and for procedural defects" (Notice of Motion, NYSCEF doc. no. 245). Plaintiff's motion is procedurally unfounded and must, therefore, be denied.
Accordingly, it is hereby
ORDERED that plaintiff's motion to compel discovery (motion seq. no. 007) is denied; and it is further
ORDERED that defendants' cross-motion for a protective order is denied as moot; and it is further
ORDERED that plaintiff's motion to vacate the note of issue (mot. seq. no. 008) is granted and the note of issue is vacated, and the case is stricken from the trial calendar; and it is further
ORDERED that plaintiff's motion to dismiss defendants' cross-motion is denied as procedurally unfounded; and it is further
ORDERED that all further discovery in this matter shall be completed within 90 days from service of a copy of this order with notice of entry; and it is further
ORDERED that, within 15 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further
ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website)]; and it is further
ORDERED that the parties shall appear for a virtual status conference on January 13, 2026 at 10:00 a.m. (as previously scheduled); and it is further
ORDERED that all parties shall comply with all applicable Commercial Division and Part 43 Rules and shall be bound forthwith. Failure to comply with court procedure may result in the imposition of sanctions; and it is further
ORDERED that plaintiff shall file the note of issue and the certificate of readiness for trial no later than January 17, 2026.
DATE August 8, 2025
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1: Jackson v City of New York, 185 AD2d 768, 769 (1st Dept 1992).