Adler v Troy
2026 NY Slip Op 03220
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Seth Adler etc., Plaintiff-Appellant,
v
Kevin Troy, M.D. et al., Defendants-Respondents.

Decided and Entered: May 21, 2026
Index No. 805376/21|Appeal No. 6692|Case No. 2024-05957|
Before: Kennedy, J.P., Mendez, Rodriguez, Rosado, JJ.

Harris Keenan & Goldfarb PLLC, New York (Valentine J. Wallace of counsel), for appellant.
Barker Patterson Nichols, LLP, Garden City (Megan A. Lawless of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about September 4, 2024, which granted defendants' motion pursuant to CPLR 2221 to renew their prior motion to dismiss the complaint pursuant to CPLR 3211(a)(7), and, upon renewal, granted the motion to dismiss with prejudice, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Defendants' motion to renew is based on a purported change in the law, to wit: that, once a defendant demonstrates its entitlement to immunity under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former §§ 3080—3082, as added by L 2020, ch 56, § 1, part GGG, eff Mar. 7, 2020, as amended by L 2020, ch 134, §§ 1—2, eff Aug. 3, 2020, and as repealed by L 2021, ch 96, § 1, eff Apr. 6, 2021), a complaint cannot survive dismissal by invoking EDTPA's gross negligence exception where the gross negligence allegations "consist[] of nothing more than bare legal conclusions with no factual specificity" (Whitehead v Pine Haven Operating LLC, 222 AD3d 104, 110-111 [3d Dept 2023] [internal quotation marks omitted]; see also Mera v New York City Health and Hosps. Corp., 220 AD3d 668, 670 [2d Dept 2023]). Defendants rely on these cases to argue that the underlying order, which directed discovery on the applicability of the gross negligence exception to EDTPA, was unwarranted based on the face of the complaint. However, this purported change in the law, even if accurate, does not, as required on a motion to renew, "demonstrate that there has been a change in the law that would change the priordetermination" in defendants' favor (CPLR 2221 [e] [2]).
Defendants did not, on the underlying motion to dismiss, establish their threshold entitlement to immunity under EDTPA, regardless of whether they acted with gross negligence (see Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475, 478 [1st Dept 2024]. Indeed, defendants' submission of a single four-page excerpt from the decedent's medical records, which contained no evidence about her cause of death, did not "conclusively establish . . . as a matter of law" that defendants satisfied EDTPA's three requirements for entitlement to immunity (Holder v Jacob, 231 AD3d 78, 87 [1st Dept 2024]; see also Jackson v BronxCare Health Sys., 236 AD3d 594, 595 [1st Dept 2025]; cf. Silva-Rios v New York Presbyt. Columbia Med. Ctr., 246 AD3d 416, 416-417 [1st Dept 2026]; Madourie v Montefiore Med. Ctr., 246 AD3d 467, 468-469 [1st Dept 2026]).
[*2]
The foregoing analysis necessarily invokes the underlying order, not just the renewal order that is technically the subject of this appeal. However, this Court has discretion to relax the parameters of what we may consider on a motion to renew in the interests of justice (see Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]). We do so here because the underlying order, which denied defendants' motion to dismiss without prejudice, was ostensibly in plaintiff's favor, such that he could not appeal from the court's erroneous determination that defendants established the general applicability of EDTPA (see CPLR 5511; Cruz v Angamarca, 235 AD3d 485, 485-486 [1st Dept 2025]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026